UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DARRYL CARTER,

     Plaintiff,

v.

ACTION WORLDWIDE
TRANSPORTATION, LLC,

     Defendant.

CIVIL ACTION FILE NO.

1:21-cv-04925-ELR

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Darryl Carter ("Plaintiff" or "Mr. Carter"), by and through his undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Action Worldwide Transportation, LLC ("Defendant" or "AWT"), stating as follows:

## I. PARTIES

1.    Plaintiff is a citizen of the United States and a resident of Henry County, Georgia.

2.    Defendant is a domestic limited liability company registered to conduct business in the State of Georgia.

3.    Defendant may be served through its registered agent, Ms. Tammy Carlisle,

4350 N. Henry Boulevard, Stockbridge, Georgia 30281.

## II.  JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

5.      This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place in Henry County, Georgia, within the Atlanta Division of the Northern District of Georgia.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7.      Defendant's employees, including Plaintiff, routinely handled or otherwise worked on goods or materials that had been moved in interstate commerce.

8.      Defendant's enterprise has an annual gross volume of sales of at least $500,000.00.

9.      Defendant is subject to the requirements of the FLSA.

10.    Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

## III. FACTUAL ALLEGATIONS

11.    Plaintiff performed services as a Professional Chauffeur for Defendant from

2014 until approximately July 16, 2021.

12.     Throughout his employment with Defendant, Plaintiff was misclassified as an independent contractor.

13.     During all relevant time periods, Plaintiff was an employee of Defendant pursuant to the FLSA.

14.     Plaintiff was given assignments by dispatchers of Defendant.

15.     Plaintiff was required to report assignment updates via a mobile application to dispatchers (i.e., upon passenger pick up).

16.     Plaintiff wore a uniform in line with Defendant's requirements.

17.     Plaintiff drove Defendant's vehicles, bearing Defendant's logos.

18.     Defendant's vehicles were covered by Defendant's insurance.

19.     Plaintiff's services were integral to Defendant's business.

20.     Plaintiff was paid on a commission-only basis by Defendant.

21.     Plaintiff was not paid an hourly rate for his work performed.

22.     Plaintiff was required to submit his weekly availability to Defendant and be available for job assignments during that time.

23.     Based on Defendant's required availability of Plaintiff, Plaintiff was regularly on call for Defendant approximately twenty-one (21) hours per week or forty-two (42) hours per pay period.

24.    Plaintiff was "blacklisted" or otherwise not given jobs by Defendant dispatchers if Plaintiff rejected a potential job assignment.

25.    Plaintiff was not paid minimum wage for hours he spent on call for Defendant.

26.    Defendant knew or had reason to know that Plaintiff was available on call specific hours each week and nonetheless paid him only commissions, which equated to less than what minimum wage would have been at an hourly rate.

### IV. CLAIMS FOR RELIEF

### COUNT I:
### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

27.    Plaintiff incorporates by reference paragraphs 1-26 of his Complaint as if fully set forth herein.

28.    Defendant was an employer under the FLSA. *See Paras. 12-13.*

29.    Plaintiff was a non-exempt employee of Defendant under the FLSA. *See Paras. 14-21.*

30.    Plaintiff was regularly compelled and scheduled to work more than forty hours per week. *See Paras. 22-23.*

31.    Plaintiff was on call twenty-one (21) hours per week on average for Defendant. *See Paras. 22-23.*

32.    Plaintiff was not compensated with minimum wage at an hourly rate for his

time on call. *See Paras. 25-26.*

33.    Plaintiff's paid commissions did not meet the minimum wage threshold for the hours Plaintiff spent on call for Defendant. *See Paras. 25-26.*

34.    Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay minimum wage for time that Plaintiff was on call from December 1, 2019 through July 16, 2021. *See Paras. 25-26.*

35.    As a result of Defendant's unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages.

36.    Defendant's willful violation of the FLSA shows reckless disregard of Plaintiff's right to receive appropriate minimum wage hourly compensation for his work with Defendant. *See Paras. 25-26.*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

      a.  Trial by jury;

      b.  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, liquidated damages; pre-judgment interest on unpaid wages; court costs; expert witness fees; reasonable attorneys' fees as provided by 29 U.S.C. §216; and all other remedies allowed under the FLSA;

c.  Grant declaratory judgment declaring that Plaintiff's rights have been

violated and that Defendant violated the FLSA;

d.  For a judgment in Plaintiffs' favor for breach of contract and fraud for

all wages owed, compensatory damages, attorney fees, and litigation

expenses;

e.  For punitive damages; and

f.  Any other relief this Court deems proper and just.

This 1st day of December, 2021.

Respectfully submitted,

The Kirby G. Smith Law Firm, LLC

/s/Rachel B. Canfield
Rachel B. Canfield
Georgia Bar No. 488716
Kirby G. Smith
Georgia Bar No. 250119

The Kirby G. Smith Law Firm, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
Phone:  (470) 387-9292
Fax:  (877) 352-6253
rbc@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

This 1st day of December, 2021.

Respectfully submitted,

The Kirby G. Smith Law Firm, LLC

/s/Rachel B. Canfield
Rachel B. Canfield
Georgia Bar No. 488716
Kirby G. Smith
Georgia Bar No. 250119

The Kirby G. Smith Law Firm, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
Phone:  (470) 387-9292
Fax:  (877) 352-6253
rbc@kirbygsmith.com
kgs@kirbygsmith.com

7.

## <u>FONT AND POINT CERTIFICATION</u>

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 1st day of December, 2021.

Respectfully submitted,

The Kirby G. Smith Law Firm, LLC

<u>/s/Rachel B. Canfield</u>
Rachel B. Canfield
Georgia Bar No. 488716
Kirby G. Smith
Georgia Bar No. 250119

The Kirby G. Smith Law Firm, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
Phone:  (470) 387-9292
Fax:  (877) 352-6253
rbc@kirbygsmith.com
kgs@kirbygsmith.com

8.