UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

CASES ASSIGNED TO
JUDGE SARAH E. GERAGHTY

## NOTICE REGARDING FLSA CASES

This case contains claims brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"). Under the FLSA, there are only two routes for compromise of FLSA claims. "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Lynn's Food Stores, Inc.*, 679 F.2d 1350, 1353 (11th Cir. 1982). Secondly, if an employee brings a lawsuit for back wages under the FLSA, the district court can enter a stipulated judgment after reviewing any proposed settlement for fairness. *Id.* Although a valid settlement may take various forms, "the district court must take an active role in approving the settlement agreement to ensure that it is not the result of the employer using its superior bargaining position to take advantage of the employee." *Rakip v.*

*Paradise Awnings Corp.,* 514 F. App'x 917, 919-20 (11th Cir. 2013).  Thus, even offers of judgment made pursuant to Federal Rule of Civil Procedure 68 are subject to judicial review.  *Walker v. Vital Recovery Svcs., Inc.*, 300 F.R.D. 599, 603 (N.D. Ga. 2014).

    Accordingly, the Court **NOTIFIES** the parties that any settlement of the FLSA claims must be approved by the Court before the case may be closed.  It is the Court's practice to require filing of the settlement agreement on the public record.  If a settlement is reached, the parties should file a joint motion for approval of the settlement agreement, attaching the settlement agreement to the motion.  The Court will not typically approve settlement agreements with general releases, *see Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1350-52 (M.D. Fla. 2010) or confidentiality provisions, *see Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1242-43 (M.D. Fla. 2010).

    **IT IS SO ORDERED**.

_____
Sarah E. Geraghty
United States District Judge